

## United States District Court, Northern District of Illinois
Minute Order Form (06/97)

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5854 | **DATE** | 12/30/2002 |
| **CASE TITLE** | LINCOLNSHIRE L.P. etc. Vs. Essex, LLC etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant Essex, LLC has moved to dismiss, replying upon Blue Chip Stamps. We deny, for now, that motion. Status hearing set for February 4, 2003 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 31 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 12 |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 02 DEC 30 PM 12:04 Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LINCOLNSHIRE L.P., an Illinois )
Limited Partnership, )
 )
    Plaintiff, )
 )  No. 02 C 5854
v. )
 )  Honorable James B. Moran
ESSEX, LLC, an Illinois Limited Liability )
Company, and JEFFREY L. GOLDBERG )
 )
    Defendants. )

## MEMORANDUM ORDER AND OPINION

In Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723 (1975), the Supreme Court took a somewhat restrictive view of the scope of Rule 10b-5's requirement that the deception be "in connection with the purchase or sale of any security." It concluded that it is not enough that potential purchasers were discouraged from buying or potential sellers were encouraged to hold on to their shares or that shareholders suffered loss in the value of their investment due to corporate or insider activities in connection with the purchase or sale of securities.

But what if a broker represents that she will buy a security but fails to so and misappropriates the funds? There has been no purchase of securities, and, arguably, the potential purchaser defrauded of the funds has no standing to prosecute a Rule 10b-5 action because the fraud was not in connection with an actual purchase. That was the position of the court in Smith v. Chicago Corp., 566 F.Supp 66 (N.D. Ill. 1983). But that position was rejected by the Supreme Court in SEC v. Zandford, 535 U.S. 813, 122 S. Ct. 1899 (2002), where it specifically approved the ruling in In re Bauer, 26 S.E.C. 770, 1947 WL 24474 (1947).

How does that play out here? Plaintiff does not allege that it furnished funds to defendant

Essex, LLC's representative to purchase a specific security. The allegations are more convoluted than that. Plaintiff alleges that the representative, defendant Goldberg, touted an initial public offering of a start up company, Nanovation. According to plaintiff, Goldberg represented that he had a relationship with a Canadian company owning 40 per cent of Nanovation's common stock, that the Canadian company needed to raise an escrow because of "tax issues," that those who made deposits to the escrow would get preferential pricing for the Nanovation public offering, and that the deposits could be withdrawn at any time. Plaintiff deposited $250,000, with Goldberg representing plaintiff would receive 18,500 shares of the Nanovation public offering, which would occur in the near future. But there was no public offering, Nanovation went into bankruptcy, and plaintiff never got its money back.

Defendant Essex, LLC has moved to dismiss, relying upon Blue Chip Stamps. We deny, for now, that motion. The allegations can be construed as a scenario in which Goldberg made misrepresentations about Nanovation, although the substance of those is rather unclear, to induce plaintiff to deposit funds for ultimate use as payment for 18,500 shares of Nanovation. Plaintiff does not appear to claim that its deposit was in connection with the purchase of securities in the Canadian company. Accordingly, Goldberg's representations about that company would not appear to provide plaintiff with a federal claim except insofar as they related to an expected investment in Nanovation. But there may be enough of a nexus to a Nanovation purchase, and that, for now, keeps plaintiff in federal court.

JAMES B. MORAN
Senior Judge, U.S. District Court

Dec. 30, 2002

2